1  PHILLIP A. TALBERT
   Acting United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U. S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone:  (916) 554-2700

5  Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $15,100.00 IN U.S. CURRENCY,<br><br>　　　　　Defendant. | 2:21-MC-00054-KJM-JDP<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.　On September 2, 2020, inspectors with the United States Postal Inspection Service ("USPIS") seized Approximately $15,100.00 in U.S. Currency (hereafter "defendant currency") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

2.　USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about November 30, 2020, USPIS received a claim from Brandon Gomez ("Gomez" or "claimant") asserting an ownership interest in the defendant currency.

3.　The United States represents that it could show at a forfeiture trial that on September 2, 2020, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California.  During the interdiction, law enforcement officials

identified a parcel that bore markers consistent with parcels used for shipping contraband. The parcel was mailed from Tampa, Florida to an individual named Marco Reyes (hereafter "Reyes") in Stockton, California, and was identified as Priority Parcel no. EE 398 979 035 US. Priority Parcel no. EE 398 979 035 US was addressed to Marco Reyes, 1981 Gordon Verner Circle, Stockton, CA 95206. The parcel's shipping label identified the sender as Brandon Gomez (hereafter "Gomez")" living at 3417 W. Cherry, Street, Tampa, FL 33607.

4. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5. The United States represents that it could further show at a forfeiture trial that on September 2, 2020, law enforcement contacted Reyes, the intended recipient, to request consent to open the parcel mailed to him. Reyes stated that he was expecting the parcel, which was a housewarming gift from Gomez. Reyes gave consent to open the parcel and law enforcement discovered $15,100.00 in cash concealed within the parcel. Additionally, Postal Inspectors attempted to contact Gomez, the sender, using the number obtained from Reyes. Inspectors reached his voicemail which advised that he no longer checks his messages. Postal Inspectors then sent a text message to Gomez's phone number. Inspectors did not receive a reply to the voicemail or text message from Gomez. The currency located within the parcel consisted mainly of $20 bills, making up 283 of the 403 bills found. The parcel did not contain any notes, receipts, or instructions.

6. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Brandon Gomez hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

///

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

11. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

12. Upon entry of this Consent Judgment of Forfeiture, $9,000.00 of the Approximately $15,100.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

13. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $6,100.00 of the Approximately $15,100.00 in U.S. Currency shall be returned to claimant Brandon Gomez through his attorney Brian T. Fasso.

14. Claimant hereby releases the United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

///

///

15. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

16. All parties will bear their own costs and attorney's fees.

17. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: June 23, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE